**Eugene COOPER, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 06–3006.

United States Court of Appeals, Federal Circuit.

Nov. 2, 2005.

Eugene Cooper, pro se.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

*ORDER*

The court treats Eugene Cooper's letter received on September 26, 2005 as a motion for reconsideration of this court's previous rejection of his petition for review as untimely.

A petition for review must be received by the court within 60 days of receipt of the Board's final decision or order. 5 U.S.C. § 7703(b)(1). To be timely filed, the petition must be received by this court on or before the date that the petition is due. *Pinat v. Office of Personnel Management,* 931 F.2d 1544, 1546 (Fed.Cir. 1991) (petition is filed when received by this court; court dismissed petition received nine days late).

On September 26, 2005, the court received a letter from Cooper, which it treated as a petition for review of the Board's June 27, 2005 decision. The September 26 submission was not received within 60 days of Cooper's receipt of the Board's final decision.*

Cooper argues that the court should not count holidays or weekends in computing the due date for the petition. Cooper cites a regulation that applies to submissions made to the Board and not to the court. The provision governing submissions to this court, Fed. R.App. P. 26(a)(3), contains similar language. However, it only excludes a holiday or weekend day that falls on that last day of a review period and does not exclude all intervening holidays and weekend days. Thus, Cooper's petition for review was untimely and must be dismissed. *Monzo v. Dep't of Transp., Fed. Aviation Admin.,* 735 F.2d 1335, 1336 (Fed.Cir.1984) (the period for petitioning for review is statutory, mandatory, and jurisdictional); *Pinat,* 931 F.2d at 1546 (deadline for filing petition for review may not be waived).

Accordingly,

IT IS ORDERED THAT:

(1) The motion for reconsideration is denied and this petition for review is dismissed as untimely.

(2) Each side shall bear its own costs.

---

* On August 23, 2005, this court received a facsimile from Cooper in which he requested review of the Merit Systems Protection Board order that he received on June 27, 2005.

However, the court's rules expressly prohibit the filing of a petition for review by facsimile. Fed. Cir. R. 25.